UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BERNARD RANDY WILLIAMS**  **CIVIL ACTION**

**VERSUS**  **NUMBER: 23-7216**

**MICHAEL MORRISON, ET AL.**  **DIVISION "5"**

**ORDER**

    Before the Court is the Motion for Summary Judgment Pursuant to F.R.C.P. 56 (rec. doc. 26) filed by Defendants, Jefferson Parish Sheriff's Office ("JPSO") Deputies Christian Adams, Justin McCubbins, Michael Morrison, Tyler Ordoyne, and Jairen Pichon (collectively, "Defendants"). Plaintiff has filed no opposition to the motion. Having reviewed the motion and the case law, the Court rules as follows.

**I.  Background**

    This case arises from Plaintiff's on August 5, 2023 for violations of La. Rev. Stat. § 14:95.1 (possession of a firearm by a convicted felon) and La. Rev. Stat. § 14:108 (resisting arrest).  (Rec. doc. 26-4 at 4).[1]

    On August 5, 2023, at approximately 11:39 p.m., Deputy Michael Morrison observed an individual riding a bicycle with no illuminating lamps or reflectors in violation of La. Rev. Stat. § 32:329.1(A).  (*Id.*).  The individual that Morrison observed was also pulling a second bicycle.  (*Id.*).  Morrison attempted to stop the individual, but the individual fled.  (*Id.*).  Morrison then notified dispatch and provided a description of the individual that he sought to question over the radio.  (*Id.*).

---

[1] Unless noted otherwise, the facts are taken from the JPSO Probable Cause and Arrest Affidavit and Crime Report.  Rec. doc. 26-4).

Deputies Justin McCubbins and Jairen Pichon later observed Plaintiff riding a bicycle in the general area. (*Id.*). Plaintiff matched the general description of the individual that Morrison sought to question. (*Id.*). McCubbins and Pichon approached Plaintiff to question him. (*Id.*). They advised Plaintiff that they were detaining him for investigative purposes. (*Id.*). Plaintiff began to act nervously and evasively. (*Id.*).

McCubbins observed a large bulge in Plaintiff's pocket that he believed could be a weapon and chose to place Plaintiff in handcuffs while they detained him for investigative purposes. (*Id.*). Plaintiff began to resist and pull back from McCubbins while reaching for the pocket containing the bulge. (*Id.*). McCubbins and Pichon were ultimately able to gain control of Plaintiff and place him in handcuffs. (*Id.*). A subsequent search of Plaintiff produced a Kel-Tec 32 ACP semi-automatic pistol. (*Id.*). A subsequent criminal-history investigation revealed that Plaintiff was a convicted violent felon, having been convicted on October 12, 2017 for second-degree murder. (*Id.*).

Defendants arrested for violations of La. Rev. Stat. § 14: 95.1 (possession of a firearm by a convicted felon) and La. Rev. Stat. § 14:108 (resisting arrest). The Jefferson Parish Office of the District Attorney accepted the charge of possession of a firearm by a convicted felon, and, on June 12, 2024, he was convicted of that charge by a jury. (Rec. doc. 26-5).

On December 7, 2023, Plaintiff filed this lawsuit under 42 U.S.C. § 1983, alleging that Defendants racially profiled him and falsely detained him. (Rec. doc. 4). He also alleges that they fabricated the report of the incident. (*Id.*). Construing Plaintiff's Complaint

liberally, as it must,[2] Plaintiff essentially asserts claims for unlawful arrest, unlawful search and seizure, and unlawful detainment.

## II.     Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.*  A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323.  If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The substantive law identifies which facts are material. *Id.*  Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Equal Emp't Opportunity Comm'n v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th

---

[2] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Cir. 2014). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). Further, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine dispute, the nonmovant must articulate specific facts and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

### III. Law and Analysis

Plaintiff brings this action for alleged violations of his civil rights under 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990). Defendants contend that Plaintiff's entire action suffers from a fatal flaw. They argue that Plaintiff's wholesale attack on the way his arrest was procured amounts to a challenge of the lawfulness of his detention and conviction and, therefore, is not cognizable under Section 1983, or any other civil rights statute.

In *Heck v. Humphrey*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. 477, 486-87 (1994). The *Heck* Court further explained:

> [t]his requirement avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction. Furthermore, to permit a convicted criminal defendant to proceed with a [tort] claim would permit a collateral attack on the conviction through the vehicle of a civil suit.

*Id.* (internal citations omitted). *Heck* also applies to Louisiana state-law tort claims, such as any claim for false arrest, assault, battery, intentional infliction of emotional distress, or

any other state-law theory of recovery that would challenge the validity of a plaintiff's conviction and sentence. *Williams v. Harding*, 117 So. 3d 187, 190-92 (La. Ct. App. 2013).[3]

As noted above, Plaintiff was convicted by a jury for possession of a firearm by a convicted felon. Plaintiff's claims are thus barred by *Heck* because a finding in Plaintiff's favor would imply the invalidity of his criminal conviction. *Aucoin v. Cupil*, 958 F.3d 379, 382 (5th Cir. 2020) (citing *Heck*, 512 U.S. at 486-87). To determine this, the Court must determine whether "success on the . . . claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Aucoin*, 958 F.3d at 382 (quoting *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008)). Here, for Plaintiff to prevail on his claims, he would have to prove that Defendants had no probable cause to stop and search him. *Magee v. Reed*, No. CV 14-1554, 2021 WL 411449, at *5 (E.D. La. Feb. 5, 2021). Plaintiff's conviction for possession of a firearm, however, implies that Defendants had probable cause to search him. Because a showing that there was no probable cause for the challenged search, seizure, and arrest would call into question the validity of Plaintiff's resulting conviction for unlawful possession of a firearm by a convicted felon, the Court concludes that Plaintiff's claims are barred by *Heck*. *See Chande v. Moore*, 606 F. App'x 238, 239 (5th Cir. 2015) (citing *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995)).

Plaintiff has not attempted to distinguish the factual basis for his Section 1983 claims from that of his conviction. Accordingly, Plaintiff's claims against Defendants for unlawful arrest, unlawful search and seizure, and unlawful detainment are hereby

---

[3] It is unclear whether Plaintiff asserts any state-law claim here.

"dismissed with prejudice to their being asserted again until the *Heck* conditions are met."

*DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007).

## IV.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Summary Judgment Pursuant to F.R.C.P. 56 (rec. doc. 26) is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  20th  day of      February      , 2025.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE